## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DOUGLAS CHERRY, DR. LANCE DYESS, )
IRA EDMONDSON, JIMMY JONES, )
RACHEL MCKINNEY, LINDA )
MIDDLETON and VICTOR STAFFORD, )
                               )
    **Plaintiffs,** )    **CIVIL ACTION NO. 1:07-CV-923-MEF**
                                )
**v.** )
                                )
AIG SUNAMERICA LIFE ASSURANCE )
COMPANY, f/k/a ANCHOR NATIONAL )
LIFE INSURANCE COMPANY, AXA )
EQUITABLE LIFE INSURANCE )
COMPANY, f/k/a THE EQUITABLE LIFE )
ASSURANCE SOCIETY OF THE UNITED )
STATES, AXA DISTRIBUTORS, LLC, f/k/a )
EQUITABLE DISTRIBUTORS, LLC, )
KEMPER INVESTORS LIFE INSURANCE )
COMPANY, HARTFORD LIFE )
INSURANCE COMPANY and MAXINE )
CHAPPELL, )
                                )
    **Defendant.** )

## ANSWER OF DEFENDANT AIG SUNAMERICA LIFE ASSURANCE COMPANY

    Defendant AIG SunAmerica Life Assurance Company ("AIG SunAmerica" or "Defendant") hereby answers Plaintiffs' Complaint, as set forth below. In answer to the numbered allegations of the Complaint, Defendant states as follows:

### I.    PARTIES

    1.    Defendant is without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and demands strict proof thereof.

    2.    Defendant is without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and

demands strict proof thereof.

3.　　Defendant is without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and demands strict proof thereof.

4.　　Defendant is without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and demands strict proof thereof.

5.　　Upon information and belief, Defendant admits that Plaintiff Rachel McKinney is over the age of nineteen and a resident of Houston County, Alabama.

6.　　Defendant is without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and demands strict proof thereof.

7.　　Defendant is without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and demands strict proof thereof.

8.　　Defendant AIG SunAmerica admits that it is an Arizona corporation with its principal place of business in California, and that it is authorized to do business in the State of Alabama, and has, at all relevant times, conducted business in Alabama.  Defendant AIG SunAmerica further admits that it changed its name from Anchor National Life Assurance Company on or about March 1, 2003.  To the extent not admitted by the foregoing, the allegations of paragraph 8 are denied.

9.　　The allegations of this paragraph are not directed at Defendant, thus no response is required.  To the extent that a response may be deemed to be required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

- 2 -

10.     The allegations of this paragraph are not directed at Defendant, thus no response is required.  To the extent that a response may be deemed to be required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

11.     The allegations of this paragraph are not directed at Defendant, thus no response is required.  To the extent that a response may be deemed to be required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

12.     The allegations of this paragraph are not directed at Defendant, thus no response is required.  To the extent that a response may be deemed to be required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

13.     Defendant denies that Maxine Chappell is or was an agent of AIG SunAmerica. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

## II.    JURISDICTION AND VENUE

14.     Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph separately and severally, and demands strict proof thereof. Defendant reserves all rights to contest joinder in this matter.

15.     Defendant admits that Plaintiffs claim damages in this controversy in excess of $10,000.  Beyond the foregoing, Defendant states that the contents of this paragraph constitute jurisdictional and/or venue allegations and legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

## III.    FACTUAL BACKGROUND

16.     Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

17.     Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

18.     Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

19.     Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

20.     Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

21.     The allegations of this paragraph are not directed at Defendant, thus no response is required.  To the extent that a response may be deemed to be required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

**A.     DOUGLAS CHERRY**

22.     The Complaint makes no allegation of dealings between Plaintiff Douglas Cherry and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

23.     The Complaint makes no allegation of dealings between Plaintiff Douglas Cherry and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

24.     The Complaint makes no allegation of dealings between Plaintiff Douglas Cherry and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

25.    The Complaint makes no allegation of dealings between Plaintiff Douglas Cherry and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

26.    The Complaint makes no allegation of dealings between Plaintiff Douglas Cherry and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

27.    The Complaint makes no allegation of dealings between Plaintiff Douglas Cherry and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

### B.    DR. LANCE DYESS

28.    The Complaint makes no allegation of dealings between Plaintiff Lance Dyess and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

29.    The Complaint makes no allegation of dealings between Plaintiff Lance Dyess and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

30.    The Complaint makes no allegation of dealings between Plaintiff Lance Dyess and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this

paragraph and demands strict proof thereof.

31.     The Complaint makes no allegation of dealings between Plaintiff Lance Dyess and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

### C.     IRA EDMONDSON

32.      The Complaint makes no allegation of dealings between Plaintiff Ira Edmondson and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

33.     The Complaint makes no allegation of dealings between Plaintiff Ira Edmondson and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

34.     The Complaint makes no allegation of dealings between Plaintiff Ira Edmondson and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

35.     The Complaint makes no allegation of dealings between Plaintiff Ira Edmondson and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

### D.     JIMMY JONES

36.      The Complaint makes no allegation of dealings between Plaintiff Jimmy Jones

and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

37.     The Complaint makes no allegation of dealings between Plaintiff Jimmy Jones and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

38.     The Complaint makes no allegation of dealings between Plaintiff Jimmy Jones and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

### E.     RACHEL MCKINNEY

39.      Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

40.     Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

41.     Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

42.     Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

43.     Defendant admits that Plaintiff Rachel McKinney purchased AIG SunAmerica Polaris II variable annuity Contract no. P3799510481 in March 1999.  Defendants further admit that Maxine Chappell was the selling broker for this purchase.  Beyond the foregoing, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands

strict proof thereof.

### F.    LINDA MIDDLETON

44.    The Complaint makes no allegation of dealings between Plaintiff Linda Middleton and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

45.    The Complaint makes no allegation of dealings between Plaintiff Linda Middleton and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

46.    The Complaint makes no allegation of dealings between Plaintiff Linda Middleton and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

### G.    VICTOR STAFFORD

47.    The Complaint makes no allegation of dealings between Plaintiff Victor Stafford and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

48.    The Complaint makes no allegation of dealings between Plaintiff Victor Stafford and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

49.    The Complaint makes no allegation of dealings between Plaintiff Victor Stafford

and Defendant, thus no response is required. To the extent that a response may be deemed to be required, Defendant is without sufficient information to admit or deny the allegations of this paragraph and demands strict proof thereof.

## COUNT ONE
### FRAUD

50.    Defendant incorporates its responses to all allegations of the Complaint as if set out here in full.

51.    Defendant denies the allegations of this paragraph separately and severally, including its subparts, and demands strict proof thereof.

52.    Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

53.    Defendant denies the allegations of this paragraph, but admits that Plaintiff Rachel McKinney invested money with AIG SunAmerica.

54.    Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

55.    Defendant denies the allegations of this paragraph, but admits that that Plaintiff Rachel McKinney invested in a variable annuity issued by AIG SunAmerica.

56.    Defendant denies the allegations of this paragraph separately and severally, including its subparts, and demands strict proof thereof.

57.    Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

58.    Defendant denies that Plaintiffs are entitled to the relief requested in this paragraph or to any relief whatsoever.

## COUNT TWO
## SUPPRESSION

59.     Defendant incorporates its responses to all allegations of the Complaint as if set out here in full.

60.     Defendant denies the allegations of this paragraph separately and severally, including its subparts, and demands strict proof thereof.

61.     Defendant denies the allegations of this paragraph, but admits that Plaintiff Rachel McKinney invested in a variable annuity issued by AIG SunAmerica.

62-63.  Defendant denies the allegations of these paragraphs separately and severally, and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT THREE
## NEGLIGENT/WANTON TRAINING AND SUPERVISION

64.     Defendant incorporates its responses to all allegations of the Complaint as if set out here in full.

65-69.  Defendant denies the allegations of these paragraphs separately and severally, and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT FOUR
## BREACH OF CONTRACT

70.     Defendant incorporates its responses to the foregoing allegations of the Complaint as if set out here in full.

71-72.  The writings referenced in these paragraphs speak for themselves, and any

- 10 -

characterization of them is denied.  Without denying the existence and status of contracts of record, Defendant denies the material allegations of this paragraph, and demands strict proof thereof.

73-75.  Defendant denies the allegations of these paragraphs separately and severally, and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT FIVE
## CONVERSION

76.     Defendant incorporates its responses to all allegations of the Complaint as if set out here in full.

77-80.  Defendant denies the allegations of these paragraphs separately and severally, and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT SIX
## CIVIL LIABILITY FOR ILLEGAL SALE OF SECURITIES

81.     Defendant incorporates its responses to all allegations of the Complaint as if set out here in full.

82-83.  The contents of these paragraphs constitute legal conclusions to which no response is required.

84-85.  Defendant denies the allegations of these paragraphs separately and severally, and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

### COUNT SEVEN
### <u>VIOLATION OF ALABAMA SECURITIES LAW</u>

86.    Defendant incorporates its responses to all allegations of the Complaint as if set out here in full.

87.    The contents of this paragraph constitute legal conclusions to which no response is required.  To the extent that a response may be deemed to be required, Defendant denies the allegations of this paragraph separately and severally, including its subparts, and demands strict proof thereof.

88.    Defendant denies the allegations of this paragraph separately and severally, and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

### COUNT EIGHT
### <u>BREACH OF FIDUCIARY DUTY</u>

89.    Defendant incorporates its responses to all allegations of the Complaint as if set out here in full.

90-95.  Defendant denies the allegations of these paragraphs separately and severally, and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

### COUNT NINE
### <u>NEGLIGENCE AND WANTONNESS</u>

96.    Defendant incorporates its responses to all allegations of the Complaint as if set out here in full.

97-99.  Defendant denies the allegations of these paragraphs separately and severally, and

demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## FIRST DEFENSE

The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred by res judicata.

## THIRD DEFENSE

Plaintiffs' claims are barred by the "one satisfaction" rule.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the "one cause of action" rule.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH DEFENSE

Defendant pleads the general issue.

## SEVENTH DEFENSE

Defendant is not liable to plaintiffs.

## EIGHTH DEFENSE

Plaintiffs lack standing to sue.

## NINTH DEFENSE

Plaintiffs' claims are barred by estoppel, laches and/or waiver.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of merger and under the parol evidence rule.

## TWELFTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because plaintiffs have failed to mitigate their damages.

## THIRTEENTH DEFENSE

There is improper venue.

## FOURTEENTH DEFENSE

Defendant pleads that the transactions alleged were voluntarily undertaken, that Plaintiffs had the opportunity, if not the obligation, to read all documents presented to or signed by Plaintiffs, that the terms of the contracts purchased were fully disclosed to Plaintiffs, that Plaintiffs knowingly entered into the transactions, having either understood the transactions or having failed to avail themselves of the opportunity to understand the transactions.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the failure to do equity.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the Complaint.

## EIGHTEENTH DEFENSE

Defendant avers that it did not participate in, authorize, ratify, or benefit from any alleged misrepresentations or wrongful acts that are asserted in the Complaint.

## NINETEENTH DEFENSE

Defendant denies that it has been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or allows plaintiffs to recover punitive damages.

## TWENTIETH DEFENSE

Plaintiffs' claims for the recovery of punitive damages are barred by sections 6-11-20, et seq., of the Code of Alabama.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims for the recovery of punitive damages are barred by section 6-11-27 of the Code of Alabama.

## TWENTY-SECOND DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in Code of Alabama sections 13-A-4-11 and 13-A-5-12 jointly and separately.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiffs seek damages for alleged mental anguish or emotional distress, Plaintiffs cannot recover damages for such claims because Plaintiffs cannot allege or prove that Plaintiffs have sustained a physical injury as a result of Defendant's alleged conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

## TWENTY-FOURTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### TWENTY-SIXTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901.  In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### TWENTY-SEVENTH DEFENSE

Defendant cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

### TWENTY-EIGHTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

### TWENTY-NINTH DEFENSE

Ala. Code § 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that those claims exceed the amount of $500,000, which the Alabama Legislature has established as the outer limit for awards of punitive damages as a matter of public policy in this state.

### THIRTIETH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

### THIRTY-FIRST DEFENSE

Any award of punitive damages to Plaintiffs in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendant has first been provided with "an opportunity to present every available defense." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

### THIRTY-SECOND DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendant without due process, to the extent that Plaintiffs seek to punish Defendant for an injury inflicted upon nonparties to this litigation (e.g., victims whom the Plaintiffs do not represent). "[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . ., i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007). The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

### THIRTY-THIRD DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper

because the State of Alabama lacks proper standards to "cabin the jury's discretionary authority." Thus, the punitive damage system in place in Alabama deprives Defendant of "fair notice . . . of the severity of the penalty that [could be] impose[d]," and subjects Defendant to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decision maker's caprice." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1062 (2007) (citations omitted).

## THIRTY-FOURTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because Alabama law does not provide the appropriate standards for the imposition of punitive damages. Thus, Alabama's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1059 (2007) (citations omitted).

## THIRTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages against the Defendant cannot be sustained, because an award of punitive damages based on anything other than Defendant's conduct toward actual parties imposes "one State's (or one jury's) 'policy choice' upon 'neighboring states' with different public policies," in violation of the Due Process Clause of the United States Constitution. *Philip Morris v. Williams*, 127 S. Ct. 1057, 1059 (2007) (quoting *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L. Ed. 2d 809).

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims for punitive damages against Defendant cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## THIRTY-SEVENTH DEFENSE

Defendant reserves the right to assert the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to any and all claims made against Defendant that fall within any applicable arbitration provision contained in any account agreement or contract to which Plaintiffs are a party, third-party beneficiary or with which Plaintiffs' claims are intertwined.  This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

## THIRTY-EIGHTH DEFENSE

Defendant reserves the right to assert the applicability of the NASD Code of Arbitration Procedure to any and all claims made against Defendant that fall under the jurisdiction of NASD Dispute Resolution.  This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims falling under the mandatory arbitration provisions of the NASD Code of Arbitration Procedure.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are improperly joined.

### FORTIETH DEFENSE

Plaintiffs' claims are barred for the reason that their damages were caused by an intervening and/or superseding cause.

### FORTY-FIRST DEFENSE

Plaintiffs' losses, if any, were market losses that were not caused by Defendant and for which Defendant should not be held liable.

### FORTY-SECOND DEFENSE

Plaintiffs' injuries or damages, if any, are due to the acts or omissions of third parties over which Defendant had no control or right to control.

### FORTY-THIRD DEFENSE

Each of the Plaintiffs received a detailed prospectus which fully disclosed the material facts related to their investment.

### FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred by contributory negligence.

### FORTY-FIFTH DEFENSE

Defendants reserve the right to assert other defenses and claims when and if it becomes appropriate during this action.  Defendants hereby specifically deny any allegations contained in the Complaint which were not expressly admitted.

WHEREFORE, Defendant respectfully prays that upon final trial of this cause, final judgment be entered for Defendant and against Plaintiffs, that Plaintiffs take nothing by their suit, that all the relief prayed for by Plaintiffs be denied, that Defendant recover from Plaintiffs its costs and reasonable attorneys' fees and that Defendant have other and further relief to which it may show itself justly entitled.

Respectfully submitted,


/s/ Andrea Morgan Greene
A. Inge Selden III (SEL003)
John N. Bolus (BOL022)
Andrea Morgan Greene (GRE102)

Attorneys for Defendant
AIG SunAmerica Life Assurance Company


OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 19th day of October, 2007:

Richard S. Frankowski
BURKE, HARVEY and FRANKOWSKI, LLC
One Highland Place
2151 Highland Avenue
Suite 120
Birmingham, Alabama 35205

Thomas E. Baddley, Jr.
Baddley & Mauro, LLC
2545 Highland Avenue, Suite 201
Birmingham, AL  35205

/s/ Andrea Morgan Greene
OF COUNSEL

.