IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS CHERRY, DR. LANCE DYESS, IRA EDMONDSON, JIMMY JONES, RACHEL MCKINNEY, LINDA MIDDLETON and VICTOR STAFFORD,   )<br>)<br>)<br>)<br>)<br><br>**Plaintiffs,**  )<br>)<br>**v.**  )<br>)<br>AIG SUNAMERICA LIFE ASSURANCE COMPANY, f/k/a ANCHOR NATIONAL LIFE INSURANCE COMPANY, AXA EQUITABLE LIFE INSURANCE COMPANY, f/k/a THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, AXA DISTRIBUTORS, LLC, f/k/a EQUITABLE DISTRIBUTORS, LLC, KEMPER INVESTORS LIFE INSURANCE COMPANY, HARTFORD LIFE INSURANCE COMPANY and MAXINE CHAPPELL,   )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendant.**  ) | **CIVIL ACTION NO. 1:07-CV-923-MEF** |

**DEFENDANT MAXINE CHAPPELL'S
BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant Maxine Chappell ("Chappell" or "Defendant") hereby submits this brief in support of her Motion to Dismiss Plaintiffs' Complaint.

## I.    INTRODUCTION

Plaintiffs' claims against Chappell are filed in direct contravention of the doctrine of res judicata, the "one satisfaction" rule and the "one cause of action" rule, and are due to be dismissed in their entirety. Plaintiffs' Complaint was filed over two years after Plaintiffs filed the *same claims* against Raymond James Financial Services, Inc. ("Raymond James") in a previous arbitration proceeding. Plaintiffs' claims against Raymond James were litigated and

decided by an NASD arbitration panel which awarded each Plaintiff a recovery for their alleged losses. While Raymond James and Chappell disagreed with the panel's ruling in Plaintiffs' prior case, and disagreed that the Plaintiffs were entitled to any damages, neither Plaintiffs, Raymond James, nor Chappell challenged the prior award by filing a petition to vacate. As such, the prior award became final and Plaintiffs were paid the full amount awarded, which Plaintiffs accepted without objection.

In short, Plaintiffs have already been compensated for the exact same injuries alleged in the present action. Nevertheless, Plaintiffs have initiated the instant case in an impermissible attempt to take "a second bite at the apple." The doctrine of res judicata prevents the relitigation of Plaintiffs' claims, which have already been resolved. Moreover, the "one cause of action" and "one satisfaction" rules prevent Plaintiffs from recovering more than once for the same alleged wrong, regardless of how many alleged tortfeasors caused the wrong. Plaintiffs' claims against Chappell are therefore due to be dismissed.

## II.    FACTUAL BACKGROUND

On or about June 13, 2005, Plaintiffs filed a Statement of Claim in arbitration against Raymond James, styled *Douglas M. Cherry, Lance K. Dyess, Ira J. Edmondson, Jimmy E. Jones, Rachel McKinney, Linda J. Middleton and Victor Stafford v. Raymond James and Associates, Inc.*, NASD Arbitration No. 05-03030. *See* Arbitration Statement of Claim, attached to Defendant's Motion to Dismiss as Exhibit A. The Statement of Claim charged Raymond James, through its registered representative, Maxine Chappell, with the same wrongdoing that Plaintiffs allege against Chappell in the present action. Plaintiffs' primary allegation in the prior action was that Chappell misrepresented that the 10 variable annuities that Plaintiffs purchased would guarantee their principal, plus a 5% or 6% rate of return. *See* Arbitration Statement of Claim at

¶¶ 19, 25, 30, 35, 42, 45, 50.  Plaintiffs also made suitability allegations related to the same variable annuity contracts. In their first proceeding, Plaintiffs asserted the following causes of action: breach of fiduciary duty, breach of contract, common law fraud, negligence, negligent misrepresentation/omission, failure to supervise and control, violation of federal and state securities laws and violation of NASD Rules of Fair Practice.  Plaintiffs claimed in the first action that they were entitled to compensatory damages of "not less than $2,000,000." *Id.* at ¶ 90.

On October 2-6 and 9-12, 2006, Plaintiffs' case was tried before a three-person NASD arbitration panel.  Chappell provided extensive testimony in response to Plaintiffs' allegations during the arbitration proceeding.  On October 26, 2006, the arbitration panel issued an award in favor of the Plaintiffs.  *See* NASD Award, attached to Defendant's Motion to Dismiss as Exhibit B.  The panel awarded the Plaintiffs compensatory damages totaling $577,000, plus attorney's fees of $124,334, costs of $26,946.05 and post-judgment interest.  The panel found Raymond James liable for breach of fiduciary duty, breach of contract, common law fraud, negligence, negligent misrepresentation/omission, failure to supervise and control and violation of federal and state securities laws and NASD Rules of Fair Practice.  Raymond James paid the award in full on October 31, 2006, rendering the award satisfied. *See* Correspondence to NASD Dispute Resolution evidencing satisfaction of Award, attached to Defendant's Motion to Dismiss as Exhibit C.

On September 5, 2007, Plaintiffs filed the instant Complaint against Chappell and various annuity companies which issued the variable annuity contracts at issue in Plaintiffs' arbitration proceeding.  Plaintiffs' Complaint involves the exact same brokerage accounts, the exact same variable annuity investments, the exact same representations, and the exact same investment

advice at issue in the first action. Just like Plaintiffs' arbitration proceeding, here, Plaintiffs' core allegation is that Chappell misrepresented that the Plaintiffs could purchase a "seven year investment from Defendants which had a guaranteed rate of interest of either 5% or 6%, if held to maturity," and that their principal would also be guaranteed. Complaint at ¶16. Plaintiffs claim that Chappell failed to disclose "that there was no guaranteed interest rate associated with the variable annuity products," that their principal was not guaranteed, and they "could not have complete access to their investment" after the seven year period. Complaint at ¶17. Plaintiffs assert claims for fraud, suppression, negligent/wanton training and supervision, breach of contract, conversion, civil liability for illegal sale of securities, violation of Alabama securities law, breach of fiduciary duty and negligence and wantonness.

It is for this exact situation that the rules of res judicata, "one cause of action" and "one satisfaction" were created. Not only does this case violate the strong presumption that arbitration awards are final and not appealable, it also violates each of these rules, which prevent Plaintiffs from relitigating claims which have already been satisfied. Because the claims at issue in the instant action have already been litigated, decided and satisfied, they are barred and are due to be dismissed.

## III.    ALL OF PLAINTIFFS' CLAIMS AGAINST CHAPPELL ARE BARRED BY RES JUDICATA.

All of Plaintiffs' claims against Chappell in this action are filed in direct contravention of the res judicata doctrine and are due to be dismissed. Interpreted literally, the Latin phrase "res judicata" means "a thing adjudicated." Res judicata prevents Plaintiffs from abusing the litigation process by initiating multiple actions against similar parties concerning the same transactions. As this Court has previously held, res judicata expressly prevents Plaintiffs from abusing the litigation process by "foreclosing relitigation of matters that were litigated or could

have been litigated in an earlier suit." *Mangrum v. Alabama Medicaid Agency*, No. 3:06-cv-952-MEF, 2007 WL 779732 slip op. at *1 (M.D. Ala. March 13, 2007). Because Plaintiffs have already filed an arbitration proceeding against Raymond James in which they prevailed on the same claims asserted in the present action, Plaintiffs' current claims against Chappell are barred from relitigation and are due to be dismissed in their entirety.

Res judicata requires a finding of the following elements in order to bar a subsequent suit:

> (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*Mangrum*, 2007 WL 779732 at *1 (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)).

As set forth below, each of the elements of res judicata is met in the present case, and Plaintiffs' claims must be dismissed. First, the arbitration panel in Plaintiffs' first case rendered a final decision on the merits of Plaintiffs' claims. Second, the arbitration panel that rendered the award in favor of the Plaintiffs qualifies as a "court of competent jurisdiction" for res judicata purposes. Third, Chappell, Plaintiffs' Raymond James broker, shares privity with Raymond James as its former agent: due to their agency relationship, they are considered the "same parties" for res judicata purposes. And finally, the same claims at issue in the first action are at issue here. Plaintiffs' claims in the instant case are a textbook example of claims barred by res judicata and are due to be dismissed.

A.    **Plaintiffs' First Action Was Concluded With a Final Judgment on the Merits.**

The panel's award in Plaintiffs' first action constitutes a final judgment on the merits and satisfies the first element of res judicata. "An arbitration proceeding can have res judicata or collateral estoppel effect." *Greenblatt v. Drexel Burnham Lambert, Inc*., 763 F.2d 1352, 1360 (11th Cir. 1985). "When an arbitration proceeding affords basic elements of adjudicatory procedure, such as an opportunity for presentation of evidence, the determination of issues in an arbitration proceeding should generally be treated as conclusive in subsequent proceedings, just as determinations of a court would be treated." *Greenblatt*, 763 F.2d at 1360. In the present case, Plaintiffs had a full nine days to present their case to the arbitration panel in the prior action, and the arbitration panel entered an award in favor of the Plaintiffs after considering all of the evidence presented during the hearing. *See* Award at p. 2-5. That evidence necessarily included Chappell's testimony. Moreover, the arbitration was held pursuant to the rules of the NASD, which provide for discovery and other procedural safeguards akin to those in a judicial proceeding. The arbitration panel's award itself notes that the panel entered its decision "in full and final resolution of the issues submitted for determination," "[a]fter considering the pleadings, the testimony and evidence presented at the hearing." *See* Award at p. 2. The pleadings, testimony and evidence necessarily included the allegations contained in Claimants' original Statement of Claim, which are the same factual allegations set forth in the instant Complaint. *See generally* Arbitration Statement of Claim at ¶¶ 3-6, 15-52; Complaint at ¶¶ 16-49. The panel's award therefore operates as a "final judgment on the merits" for res judicata purposes.

6

**B.    The Judgment in Plaintiffs' First Action Was Rendered By a Court of Competent Jurisdiction.**

The second requirement for res judicata is also met in this case.  The arbitration panel had jurisdiction over the previous action by virtue of Plaintiffs' account agreements with Raymond James, each of which included binding arbitration clauses.  Moreover, each of the Plaintiffs voluntarily submitted their claims to the NASD and signed Uniform Submission Agreements explicitly accepting the NASD as the forum authorized to decide the dispute.  *See* Award at p. 1.  The award in the previous action was therefore rendered by a court of competent jurisdiction.  *See Greenblatt*, 763 F.2d at 1360.

**C.    Chappell Shares Privity With Raymond James and Satisfies Res Judicata's Identity of Parties Requirement.**

"Alabama law defines 'identity of the parties' broadly--as broadly as due process allows." *Thompson v. Smith*, 52 F. Supp. 2d 1364, 1369 (M.D. Ala. 1999).  For res judicata purposes, identity between parties is found "when they are the same or in privity with one another."  *Mangrum v. Alabama Medicaid Agency*, No. 3:06-cv-952-MEF, 2007 WL 779732 slip op. at *2 (M.D. Ala. March 13, 2007).  Privity exists where there is "'a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty.'"  *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560-61 (11th Cir. 1990).

The existence of privity between Chappell and Raymond James is made clear by the agency relationship between them, which served as the very basis for Raymond James' liability in Plaintiffs' first action.  *See* Arbitration Statement of Claim at ¶ 85  ("In committing the acts described in this claim, Respondent acted in conscious disregard of their duty to Claimants in that Respondent, through its agent Chappell, misrepresented, deceived, and/or concealed from

7

Claimants facts known or facts that should have been known to them"); Award at p. 3 (finding Raymond James liable for common law fraud and failure to supervise and control). It is undisputed that, during the time period at issue in Plaintiffs' first action (the same time period at issue in this action) Chappell was a registered representative of Raymond James, and that Chappell was the selling and servicing agent for each of the Plaintiffs' annuity investments purchased through Raymond James. Chappell's agency relationship with Raymond James clearly satisfies res judicata's privity requirement. *See  e.g.*, *Gonzalez, LLC v. DiVincenti*, 844 So. 2d 1196, 1203 (Ala. 2002).

Moreover, a number of courts have found that for purposes of res judicata, privity exists between principals and agents. *See*, *e.g. New York Life Ins. Co. v. Deshotel*, 946 F. Supp. 454, 460 (E. D. La. 1996) ("The Fifth Circuit has explicitly recognized that privity exists between principals and their agents for purposes of res judicata.") (citing *Russell v. SunAmerica Securities, Inc.*,  962 F.2d 1169, 1172 (5th Cir. 1992) ("finding privity for res judicata purposes even where relations between two parties were merely analogous to principal and agent") and *Pelletier v. Zweifel*, 921 F.2d 1465, 1502 (11th Cir. 1991) ("finding privity for purposes of res judicata between principal and agent")); *Spector v. El Ranco, Inc.*, 263 F.2d 143 (9th Cir. 1959) (holding that suit against employee was barred by judgment in favor of his employer, and cited with approval in *Russell*, 962 F.2d at 1174, for the proposition that where "the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other."); *Fiumara v. Fireman's Fund Ins. Co.*, 746 F.2d 87 (1st Cir. 1984) (cited with approval in *Russell*, 962 F.2d at 1174, for the proposition that where defendants in second action were acting as agents of

defendants in original action, "they clearly qualify as persons in privity with [the original defendants]" and "the res judicata defense is unmistakably available to them.").

The existence of privity between Chappell and Raymond James is further demonstrated by the fact that Raymond James acted as Chappell's virtual representative in Plaintiffs' first action. *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560-61 (11th Cir. 1990) ("Privity exists where the nonparty's interests were represented adequately by the party in the original suit. Privity also exists where a party to the original suit is 'so closely aligned to a nonparty's interest as to be his virtual representative.'"). Although not exclusive, courts may examine the following factors in considering whether virtual representation exists between parties: "(1) participation in the first litigation, (2) apparent consent to be bound, (3) apparent tactical maneuvering, and (4) close relationships between the parties and non-parties." *Gustafson v. Johns*, No. 06-13508, 2007 WL 63999 at *3 (11th Cir. Jan. 9, 2007).

It is clear that Raymond James was in effect representing Chappell as well as itself in the prior action. During Plaintiffs' first action, Raymond James called Chappell as its primary fact witness. Chappell's extensive testimony played a key role in Raymond James' defense, as it was offered to refute each of the Plaintiffs' claims. Thus, Chappell participated substantially in the prior case. In fact, Raymond James' core strategy was centered on defending Chappell's very dealings with the Plaintiffs. Chappell's participation in that case clearly evidences Raymond James' virtual representation of her, and further demonstrates the existence of privity between Chappell and Raymond James. *See Gustafson*, 2007 WL 63999 at *3; *N.A.A.C.P.*, 891 F.2d at 1560-61.

As Plaintiffs do not dispute, at all times relevant to this action (and the prior action), Chappell was an agent of Raymond James. *See* Arbitration Statement of Claim at ¶ 2. Because

Chappell was an agent of Raymond James, she stands in privity with Raymond James for res judicata purposes. Thus, although Chappell was not a named respondent in the prior arbitration, her interests were adequately represented by Raymond James, and as its agent, she satisfies the identity element of res judicata.

### D. Plaintiffs' claims in both cases consist of the same cause of action.

Finally, the same cause of action is involved in both of Plaintiffs' cases.

> [T]he principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action. Res judicata applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact. The whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. Under both Alabama law and federal law, the doctrine of res judicata prohibits the relitigation of all matter which was or could have been litigated in the prior action.

*Families Concerned About Nerve Gas Incineration v. U.S. Dep't. of the Army*, 380 F. Supp. 2d 1233, 1261 (N.D. Ala. 2005); *see also Gustafson v. Johns*, No. 06-13508, 2007 WL 63999 at *4 (11th Cir. Jan. 9, 2007); *Mangrum v. Alabama Medicaid Agency*, No. 3:06-cv-952-MEF, 2007 WL 779732 slip op. at *2 (M.D. Ala. March 13, 2007). There are two principal inquiries in determining whether identity of causes of action exist: "(1) whether the claims arise out of the same evidence, wrongful acts or disputes, or present the same issues (in particular, factual ones), and (2) whether the claims would be subject to proof by the same evidence." *Thompson v. Smith*, 52 F. Supp. 2d 1364, 1370 (M.D. Ala. 1999).

As a comparison of Plaintiffs' Statement of Claim in arbitration to their current Complaint makes clear, the primary wrong alleged in this case was also alleged in the earlier action. At the core of the present complaint is the allegation that Chappell misrepresented that

the annuities Plaintiffs purchased provided them with a guarantee of principal plus a 5% or 6%

rate of return.  As exemplified below, the same exact claim was alleged in the earlier arbitration:

> a. "Chappell also promised that she could provide Cherry with an investment that would guarantee his principal investment and that would pay him a five-percent rate of return for seven years."  Arbitration Statement of Claim at ¶ 19; Complaint at ¶ 26.

> b. Chappell informed Dyess that she could invest his funds in a product that would provide him a guaranteed six-percent return, compounded annually. . . Chappell informed Dyess that at the end of a seven-year period, he would get his entire principal back."  Arbitration Statement of Claim at ¶ 25; Complaint at ¶ 29.

> c. "Chappell specifically told Edmondson that she could invest his life savings in a product that would provide him with a guaranteed five-percent return without exposing his principal to any risk."   Arbitration Statement of Claim at ¶ 30; Complaint at ¶ 34.

> d. "Chappell told Jones and his wife that she could provide him with and [sic] investment that would guarantee his principal and provide him with a guaranteed six-percent return." Arbitration Statement of Claim at ¶ 35; Complaint at ¶ 37.

> e. "Chappell promised McKinney that the investment principal would be guaranteed and that the annuity would provide a guaranteed six-percent rate of return." Arbitration Statement of Claim at ¶ 42; *see* Complaint at ¶ 42.

> f. "Chappell promised Middleton that she could place her savings in a product that would produce a guaranteed 5% rate of return and that would also guarantee the return of Middleton's principal at the end of seven years."  Arbitration Statement of Claim at ¶ 46; *see* Complaint at ¶ 45.

> g. "Chappell specifically told Stafford that she could invest his life savings in a product that would provide him with a guaranteed five-percent return without exposing his principal to any risk."   Arbitration Statement of Claim at ¶ 50; *see* Complaint at ¶ 48.

It cannot be questioned that these allegations arise out of "the same nucleus of operative

fact."  The complaints make clear that the facts offered in support of Plaintiffs' allegations are

identical in both cases, and revolve around identical investments, the same meetings between Plaintiffs and Chappell, and the same alleged representations made by Chappell during those meetings. Moreover, the fact that both complaints involve the same primary causes of action, which arise out of the same transactions between Chappell and the Plaintiffs, is telling. The complaints allege the following common causes of action: breach of fiduciary duty, breach of contract, fraud, suppression, negligence and violation of Alabama Code § 8-6-19. There can be no dispute that the claims in both actions "would be subject to proof by the same evidence," as the substantive factual allegations of both complaints are identical. As such, Plaintiffs' attempt to re-litigate the same claims against Chappell in the current action is clearly barred by res judicata.

IV.    **ALL OF PLAINTIFFS' CLAIMS AGAINST CHAPPELL ARE BARRED BY THE "ONE SATISFACTION" AND "ONE CAUSE OF ACTION" RULES.**

The same undisputed facts that support preclusion of further claims against Chappell based upon res judicata also support such preclusion based upon the "one satisfaction" and "one cause of action" rules. As previously, stated, Plaintiffs' claims in this action arise out of the same cause of action as Plaintiffs' arbitration proceeding against Raymond James. Because Plaintiffs prevailed on the same cause of action in the arbitration proceeding and accepted satisfaction of the panel's award, Plaintiffs are now barred from splitting their cause of action to seek additional damages against Chappell.

Under long-established Alabama law, "where there has been a judgment against one of two joint tort-feasors, followed by an acceptance of satisfaction of such judgment by the plaintiff," a further action against the second joint tort-feasor is barred. *See Shepherd v. Maritime Overseas Corp.*, 614 So.2d 1048, 1050 (Ala. 1993)(quoting *Jones v. Russell*, 206 Ala. 215, 218,

89 So. 660, 662-63 (1921); *see Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.,* 220 F. Supp. 2d 1249, 1253 (N.D. Ala. 2002) ("If a plaintiff recovers judgment against one of the joint tort-feasors and obtains satisfaction, this operates as a discharge of the others."); *Wilbourn v. Ray*, 603 So. 2d 969, 972 (Ala. 1992) ("If a plaintiff recovers judgment against one joint defendant and obtains satisfaction of that judgment, this operates as a discharge of the other defendant."). "The conclusive presumption is that the full damages were awarded the plaintiff in the judgment that was satisfied." *Jones*, 89 So. at 663. "This age-old rule is 'founded on the principle that an injured party should not be allowed to recover more than once for the same wrong.'" *Ruiz de Molina*, 220 F. Supp. 2d at 1254 (quoting 47 Am. Jur. 2d Judgments §§ 1008, 1009 (1995)). The plaintiffs herein received an award against Raymond James based upon the alleged conduct of Chappell and its supervision of Chappell. Raymond James has satisfied that judgment, as evidenced by the correspondence to the NASD Dispute Resolution dated October 31, 2006, attached to Defendant's Motion to Dismiss as Exhibit C. Based upon that satisfaction, no further action based upon Chappell's conduct will lie.

The well established "one satisfaction" rule is based on the premise that where joint tort-feasors cause a single injury, only one indivisible cause of action results from the injury, "[r]egardless of how the plaintiff seeks to couch the cause of action or damages claimed." *Ruiz de Molina*, 220 F. Supp. 2d at 1253 (citing *Shepherd*, 614 So.2d at 1050 (quoting *Jones*, 89 So. at 663)). This prevents a plaintiff from splitting a single cause of action into multiple actions in pursuit of the same wrong. As the Alabama Supreme Court has stated:

> Where one has received an injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts unite in causing a single injury, all of the wrongdoers are liable for the damages occasioned by the injury. It is also manifest that this single injury, in itself or of itself, indivisibly constitutes an indivisible cause of action. This is true, notwithstanding the fact

> that the party injured could maintain separate suits on this cause of action against the tort-feasors at the same time, and could have sued them jointly . . . But when she successfully prosecuted her single cause of action against one of the tort-feasors, and received satisfaction in full of the judgment, that was satisfaction for the entire injury, for the single cause of action, and after satisfaction, although it moved from only one of the tort-feasors no foundation remained for a suit against anyone. Her cause of action was extinguished.

*Jones*, 89 So. at 662-63 (quoted in *Ruiz de Molina*, 220 F. Supp. 2d at 1254-55). In addition, "the fact that the plaintiff recovered only part of the damages to which he was entitled is immaterial." *Ruiz de Molina*, 220 F. Supp. 2d at 1255 (holding that the fact that a plaintiff might be able to recover a larger amount or different type of damages from a different tort-feasor "does not alter the fact that the satisfaction of the prior final judgment extinguished his single cause of action.").

Here, the Plaintiffs suffered a single alleged injury as a result of the variable annuity contracts they purchased through Chappell. This alleged single injury created an indivisible cause of action, which Plaintiffs successfully pursued in arbitration. Plaintiffs' acceptance of the satisfaction of the panel's award extinguished any and all claims resulting from their cause of action, whether against Raymond James or any other person or entity, and regardless of the nature or amount of damages claimed. *See Jones*, 89 So. at 662-63; *Ruiz de Molina*, 220 F. Supp. 2d at 1255. As such, Plaintiffs' current action against Chappell is barred by the "one satisfaction" and "one cause of action" rules. Therefore, as a matter of law, Plaintiffs' claims against Chappell are due to be dismissed.

## V.    CONCLUSION

Stated plainly, the well established purpose of res judicata is to deny plaintiffs "a second bite at the apple." *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1174 (5th Cir. 1992)

1174 (citing *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279 (5th Cir. 1989)).  Combined with the "one cause of action" and "one satisfaction" rules, res judicata prevents plaintiffs from abusing the litigation process by instituting multiple actions over the same claims when those claims have been litigated, decided and satisfied.  Without these doctrines, there would be no end to litigation, and no final resolution for potential defendants.  Because all of Plaintiffs' current claims against Chappell have been litigated, decided and satisfied, Defendant respectfully requests that this Court prevent Plaintiffs' flagrant abuse of the litigation process and dismiss Plaintiffs' claims against Chappell in their entirety.

Respectfully submitted,


/s/ Andrea Morgan Greene
A. Inge Selden III (SEL003)
John N. Bolus (BOL022)
Andrea Morgan Greene (GRE102)
Attorneys for Defendant Maxine Chappell


**OF COUNSEL:**
**MAYNARD, COOPER & GALE, P.C.**
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
Fax: (205) 254-1999

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Joint Notice of Removal has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Richard S. Frankowski
BURKE, HARVEY and FRANKOWSKI, LLC
One Highland Place
2151 Highland Avenue
Suite 120
Birmingham, Alabama 35205

on this the 19th day of October, 2007.

/s/ Andrea Morgan Greene
OF COUNSEL