IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS CHERRY, DR. LANCE DYESS, IRA EDMONDSON, JIMMY JONES, RACHEL MCKINNEY, LINDA MIDDLETON, and VICTOR STAFFORD, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No: 07-00923-MEF |
| AIG SUN AMERICAL LIFE ASSURNACE COMPANY, f/k/a ANCHOR NATIONAL LIFE INSURANCE COMPANY, AXA EQUITABLE LIFE INSURANCE COMPLANY, f/k/a THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, AXA DISTRIBUTORS, LLC, f/k/a EQUITABLE DISTRIBUTORS, LLC., KEMPER INVESTORS LIFE INSURANCE COMPANY, HARTFORD LIFE INSURANCE COMPANY, and MAXINE CHAPPELL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

PLAINTIFFS' MOTION TO STAY RULING UPON DEFENDANT MAXINE
CHAPPELL'S MOTION FOR SUMMARY JUDGMENT
PENDING RESOLUTION OF PLAINTIFFS'
MOTION TO REMAND

COME NOW the Plaintiffs, Douglas Cherry, Dr. Lance Dyess, Ira Edmondson, Jimmy

Jones, Rachel McKinney, Linda Middleton and Victor Stafford, by and through their

undersigned counsel, and move this Court to Stay ruling upon Defendant Maxine Chappell's

Motion for Summary Judgment until it has first ruled upon Plaintiffs' Motion to remand. In support of this Motion, Plaintiffs state as follows:

INTRODUCTION

This action was originally filed in Houston County on September 5, 2007. All defendants removed the action to this Court on October 12, 2007, alleging that resident defendant Maxine Chappell ("Chappell") had been fraudulently joined to this action and that her citizenship should be disregarded for purposes of diversity jurisdiction. Defendants' argument is based upon an arbitration proceeding between these Plaintiffs and Raymond James, Inc., a proceeding to which neither Chappell nor any other defendant to this lawsuit was a party. Nonetheless, all defendants contend that a ruling against Raymond James in the arbitration acts as res judicata in favor of Chappell in this action. In order to make such an argument, however, defendants have stretched the doctrine of virtual representation too far.

Plaintiffs intend to file a Motion to Remand and Memorandum in Support with the Court shortly. The Memorandum will demonstrate that the action was improvidently removed and should be remanded to the Circuit Court of Houston County, Alabama. Plaintiffs' response to Chappell's Motion for Summary Judgment is currently due on November 7, 2007. Accordingly, Plaintiffs file this Motion to Stay requesting that the Court pretermit ruling on the motion for summary judgment until considering Plaintiffs' motion to Remand.

ARGUMENT

A.    The Court Should Rule on Plaintiffs' Motion to Remand before Delving into the Merits of Plaintiffs' Complaint

As noted, Chappell has now filed a motion for summary judgment with this Court. As shown below, however, it is not appropriate for the Court to delve into the merits of Plaintiffs'

2

claims as the motion for summary judgment would require it to do. The decision of *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997) is instructive in this regard.

In that action, the plaintiff landowners filed an action in Georgia state court against Crown Petroleum Corporation and an adjoining landowner for damages to plaintiffs' property caused by the escape of gasoline. Crown had owned the adjoining property prior to selling it to the present owner. Defendant removed the action alleging that the adjoining landowner, Daniel Coleman, had been fraudulently joined to defeat diversity jurisdiction. After removal, Defendant submitted a motion for summary judgment claiming that he did not cause plaintiffs' harm. In support of this motion, Coleman submitted his own affidavit which stated that Coleman never caused any release of petroleum products, and the affidavit of a Crown engineer which stated that all underground storage tanks ("USTs") had been removed from the property prior to Coleman becoming the owner of the land.

The same day that Defendant Coleman filed his motion for summary judgment, plaintiffs filed a Motion to Remand the action to state court. Two weeks later, plaintiffs moved to amend their complaint to state a cause of action for nuisance. Two months later, the district court denied plaintiffs' Motion to Remand; denied plaintiffs' Motion to Amend Complaint as futile; and granted defendant's Motion for Summary Judgment. *Id.* at 1537-38.

On appeal, the Eleventh Circuit had to determine if the district court erred in its disposition of the motions. First, the court focused on the law of remand, noting that in determining whether the case should have been remanded the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Id.* at 1538. Of course, the district court is to make this determination based upon the plaintiff's pleadings at the time of removal, but the court

3

may also consider affidavits and deposition transcripts submitted by the parties. *Id.* The court then cautioned, however, that "[w]hile 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment'…the jurisdictional inquiry 'must not subsume substantive determination.'" *Id.* (Emphasis Added).

> The court then added:

> Over and over again, we stress that the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits. . . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. . . . **If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident Defendants, the federal court must find that joinder was proper and remand the case to state court**.

*Id.* at 1538 (Internal Citations Omitted)(Emphasis Added)

The court stated that there are two policy reasons for the strict construction of removal statutes. First, absent fraudulent joinder, plaintiff is master of his or her complaint. Second, and more important, a strict construction of the removal statutes prevents exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal, a result that is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated." *Id.* at 1538.

> After setting forth this overview of the law of remand, the court stated:

> In terms of this circuit's law, the main point for us is this one: For a plaintiff to present an arguable claim against an in-state Defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state Defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be `a reasonable basis for predicting that state law *might* impose liability on the facts involved. . . . Because the procedures are similar while the substantive

4

standards are very different, district courts must exercise extraordinary care to avoid jumbling up motions for summary judgment that come before them.

In the remand context, <u>the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims</u>. Although we have said that district courts may look beyond the face of the complaint, we emphasize that <u>the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent</u>. Applying these principals to this case, we conclude that the district court -- given the record before it -- should have remanded the case to state court and should never have addressed the motion for summary judgment.

*Id.* at 1542. (Italics in Original) (Other Emphasis Added).

The record before the district court -- that made remand proper -- was comprised of the defendants' affidavits, the Defendant Coleman's answer, and the plaintiffs' verified complaint. As the court noted, Coleman's denial of wrongdoing in his answer did not undercut the fact that plaintiffs had stated an arguable nuisance claim against him, but at most, only showed that there was a controversy that needed to be resolved. *Id.* at 1541.

*Glass Molders Intern. Union v. Wickes Companies*, 707 F.Supp. 174 (D.N.J. 1989) is also instructive regarding a court's duty not to try the merits of a plaintiff's claim in the context of a removal petition. In *Glass Molders*, the employees of a company and the employees' union brought suit against another corporation that attempted a hostile takeover of the employees' employer. Both the employees and the union advanced a tortious interference claim against the corporation. The corporation removed the action, alleging that the union could not state a cause of action against it, and therefore, the union had been fraudulently joined as a plaintiff to defeat diversity.

In rejecting defendant's argument, the court held:

Wickes contends that the International has no colorable ground to sue under a tortious interference theory because it cannot show the requisite causal link between Defendant's actions and the union's loss of dues income. We think

5

that to fully pursue this argument, the court would be forced to enter into the legal and factual thicket that comprises the merits of this case. **This is not terrain upon which a court uncertain of its jurisdiction should tread.** *See Green v. Amerada Hess Corp.*, *supra*, 707 F.2d at 204 (A district court should not conduct a full scale hearing on the merits to determine the existence of fraudulent joinder.)

*Id.* at 181 (Emphasis Added).

The court in *Glass Molders* further noted that because it could not lay claim to jurisdiction in that case, either under federal question or diversity of citizenship, that it was without competence to proceed to defendant's motion to dismiss: "A federal district concluding lack of jurisdiction should apply its brakes, cease and desist the proceedings, and shun advisory opinions. To do otherwise would be in defiance of its jurisdictional fealty." *Id.* at 182, *citing*, *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971).

## CONCLUSION

For the foregoing reason, Plaintiffs respectfully request that the Court stay any determination on Chappell's Motion for Summary Judgment and first rule upon Plaintiffs' Motion to Remand.

Date:    November 5, 2007.

Respectfully submitted,

s/ Peter H. Burke
Peter H. Burke (AST 1995-k74p)
Richard S. Frankowski (ASB-1734-h70f)
*Attorneys for Plaintiffs*

6

**OF COUNSEL:**

**BURKE HARVEY & FRANKOWSKI, LLC**
One Highland Place
2151 Highland Avenue
Suite 120
Birmingham, AL 35205
Tel: 205-930-9091
Fax: 205-930-9054
rfrankowski@bhflegal.com
pburke@bhflegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons via electronic filing using the Court's PACER filing system, and by placing a copy of same in the U.S. mail, first class postage prepaid and properly addressed on this the 5th day of November, 2007, as follows:

Andrea Morgan Greene
John N. Bolus
A.Inge Seldon
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2602
205-254-1000
Fax: 205-254-1999
*Attorneys for Defendants AIG Sun America Life Assurance Co., AXA Equitable Life Insurance Co., AXA Distributors, LLC, Kemper Investors Life Insurance Co., and Hartford Life Insurance Co.*

Thomas E. Baddley, Jr.
Baddley & Mauro, LLC
2545 Highland Avenue
Suite 201
Birmingham, AL 35205
*Attorney for Maxine Chappell*

s/ Peter H. Burke
OF COUNSEL