IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS CHERRY, DR. LANCE DYESS, IRA EDMONDSON, JIMMY JONES, RACHEL MCKINNEY, LINDA MIDDLETON and VICTOR STAFFORD, <br><br> Plaintiffs, <br><br> v. <br><br> AIG SUNAMERICA LIFE ASSURANCE COMPANY, f/k/a ANCHOR NATIONAL LIFE INSURANCE COMPANY, AXA EQUITABLE LIFE INSURANCE COMPANY, f/k/a THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, AXA DISTRIBUTORS, LLC, f/k/a EQUITABLE DISTRIBUTORS, LLC, KEMPER INVESTORS LIFE INSURANCE COMPANY, HARTFORD LIFE INSURANCE COMPANY and MAXINE CHAPPELL, <br><br> Defendant. | CIVIL ACTION NO. 1:07-CV-923-MEF |

**DEFENDANT MAXINE CHAPPELL'S
RESPONSE TO PLAINTIFFS' MOTION TO STAY**

Defendant Maxine Chappell ("Chappell" or "Defendant") hereby submits this Response to Plaintiffs' Motion to Stay Ruling Upon Defendant's Motion for Summary Judgment Pending Resolution of Plaintiffs' Motion to Remand ("Plaintiffs' Motion to Stay"). For the reasons set forth below, Plaintiffs' Motion to Stay should be denied, and Chappell's Motion to Dismiss should be considered at least contemporaneously with the Motion to Remand.

1.  On or around October 12, 2007, Defendants removed this action to this Court because defendant Chappell has been fraudulently joined; thus, her citizenship should be disregarded for purposes of diversity jurisdiction. As set forth in Defendants' Notice of Removal, Plaintiffs previously filed an arbitration proceeding against Raymond James Financial

Services, Inc. ("Raymond James") in which they sought and recovered damages associated with the very investments at issue in this case, and in which Chappell's actions as a Raymond James agent were directly at issue. As such, Plaintiffs' current claims against Chappell are barred from re-litigation by the doctrine of res judicata. *See Mangrum v. Alabama Medicaid Agency*, No. 3:06-cv-952-MEF, 2007 WL 779732 slip op. at *1 (M.D. Ala. March 13, 2007) (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)). Those claims also are barred because of Plaintiffs' acceptance of satisfaction of a prior award based upon the same alleged injuries. *Shepherd v. Maritime Overseas Corp.*, 614 So.2d 1048, 1050 (Ala. 1993).

2. On October 19, 2007, Chappell filed a Motion to Dismiss the Plaintiffs' claims against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Expanding on the grounds stated within the Notice of Removal, Chappell's Brief in Support of her Motion to Dismiss provided dispositive authority that Plaintiffs' claims against Chappell are barred from re-litigation by the doctrine of res judicata, and also are barred by the "one satisfaction" and "one cause of action" rules. *See generally*, Chappell's Brief in Support of Motion to Dismiss.

3. On October 24, 2007, this Court entered an Order stating that (1) "Defendant's Motion to Dismiss shall be treated as a Motion for Summary Judgment"; (2) "The plaintiffs shall file a response which shall include a brief and any evidentiary materials on or before November 7, 2007"; and "[t]he defendant may file a reply brief on or before November 14, 2007." October 24, 2007 Order. Instead, on November 6, 2007, Plaintiffs' filed their Motion to Stay, indicating their intention to file a Motion to Remand, and requesting that the Court pretermit ruling on Chappell's Motion for Summary Judgment until considering Plaintiffs' Motion to Remand.

4. "[T]he proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment." *Fowler v. Provident Life and*

2

*Acc. Ins. Co.*, 256 F. Supp. 2d 1243, 1247 (N.D. Ala. 2003). Here, the issues to be determined by the Court on Chappell's Motion for Summary Judgment and on Plaintiffs' Motion to Remand are the same; *i.e.*, whether the legal doctrines of res judicata and satisfaction of judgment preclude Plaintiffs from stating an arguable claim against Chappell. If the Court determines when ruling on the Motion for Summary Judgment that Plaintiffs' claims against Chappell are, as a matter of law, barred by res judicata and/or satisfaction of judgment, then it necessarily follows that Chappell has been fraudulently joined. In that event, Plaintiffs' Motion to Remand must be denied, and Chappell's Motion for Summary Judgment must be granted, effectively dismissing the Plaintiffs' claims against Chappell with prejudice. *See Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007) (if a court finds that a defendant is fraudulently joined, it "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court.").

     5.     The cases cited by Plaintiffs in their Motion to Stay miss the mark. Those cases generally stand for the proposition that, when considering Plaintiffs' Motion to Remand, the Court should not delve into the factual merits of the Plaintiffs' claims as it would on a Motion for Summary Judgment. According to Plaintiffs, "there need only be a reasonable basis for predicting that state law *might* impose liability on the facts involved", in order for the Court to grant Plaintiffs' Motion to Remand. *See* Plaintiffs' Motion to Stay, pp. 4-5, quoting *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). Here, however, it is not necessary for the Court to delve into the substantive or factual merits of Plaintiffs' claims when considering either the Motion for Summary Judgment or the Motion to Remand. The crux of both motions is not whether the Plaintiffs' claims would succeed or fail on the facts, but rather, whether the legal doctrines of res judicata and satisfaction of judgment operate to bar those claims.

6.     Additionally, unlike the cases cited in Plaintiffs' Motion to Stay, Chappell's motion was not initially filed as a Motion for Summary Judgment; rather, it was filed as a Motion to Dismiss under Rule 12(b)(6), which challenged the allegations in Plaintiffs' Complaint based on undisputed positions and actions taken by Plaintiffs in another legal proceeding. Those indisputable positions and actions require application of the legal doctrines of res judicata and satisfaction of judgment. Because Chappell attached to her Motion to Dismiss matters outside the pleadings, this Court converted the Motion to Dismiss into a Motion for Summary Judgment and, through its October 24, 2007 Order, has simply afforded Plaintiffs the opportunity to submit "evidentiary materials" in opposition to the motion as required by Rule 56. *See, e.g., Davis v. Howard*, 561 F.2d 565 (5th Cir. 1977). This, however, does not change the fact that the issues to be decided are the same whether decided within the context of Chappell's Motion for Summary Judgment or Plaintiffs' Motion to Remand. Because the two motions are based on the Plaintiffs' own positions and actions in prior legal proceedings of record-- again, invoking res judicata and/or satisfaction of the prior award -- they can, and should, be considered contemporaneously. Accordingly, Plaintiffs' Motion to Stay should be denied.

WHEREFORE, Defendant Maxine Chappell respectfully requests that this Court deny Plaintiffs' Motion to Stay.

Respectfully submitted,

/s/ John N. Bolus
A. Inge Selden III (SEL003)
John N. Bolus (BOL022)
Andrea Morgan Greene (GRE102)
Attorneys for Defendant Maxine Chappell

**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
Attorneys at Law
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
Fax: (205) 254-1999

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Peter H. Burke
Richard S. Frankowski
BURKE, HARVEY and FRANKOWSKI, LLC
One Highland Place
2151 Highland Avenue
Suite 120
Birmingham, Alabama 35205


on this the _9th_ day of November, 2007.


                                       /s/ John N. Bolus _____
                                       OF COUNSEL