IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS CHERRY, DR. LANCE DYESS, IRA EDMONDSON, JIMMY JONES, RACHEL MCKINNEY, LINDA MIDDLETON, and VICTOR STAFFORD, <br><br> Plaintiffs, <br><br> AIG SUN AMERICAL LIFE ASSURNACE COMPANY, f/k/a ANCHOR NATIONAL LIFE INSURANCE COMPANY, AXA EQUITABLE LIFE INSURANCE COMPLANY, f/k/a THE EQUTIABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, AXA DISTRIBUTORS, LLC, f/k/a EQUITABLE DISTRIBUTORS, LLC., KEMPER INVESTORS LIFE INSURANCE COMPANY, HARTFORD LIFE INSURANCE COMPANY,  and MAXINE CHAPPELL, <br><br> Defendants. | Civil Action No.: 1:07-CV-923-MEF |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR ORAL ARGUMENT**

HERE COME, Plaintiffs Douglas Cherry, Dr. Lance Dyess, Ira Edmondson, Jimmy Jones, Rachel McKinney, Linda Middleton and Victor Stafford, by and through their undersigned counsel, submit this Opposition to Defendants' Motion for Oral Argument, and in support thereof, submit the attached opinion, *Sven-Peter Mannsfeld v. Phenolchmie, Inc, et al., 466 F. Supp. 2d 1266, 2006 U.S. Dist.* (See attached Exhibit A).

In *Mannsfeld v. Phenolchemie, Inc.*, 466 F. Supp. 2d 1266, 2006 U.S. Dist., the Court stated: "The court, in evaluating a motion to remand, generally does not consider the merits of plaintiff's claims. *See Pacheco de Perez, 139 F.3d at 1380-81* (Even'[i]n a fraudulent joinder inquiry, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.' citation and internal quotations omitted)." Accordingly, the Court should deny Defendants' Request for Oral Argument.

Date:   December 27, 2007.

                Respectfully submitted,

                s/ Peter H. Burke
                Peter H. Burke (AST 1995-k74p)
                Richard S. Frankowski (ASB-1734-h70f)
                *Attorneys for Plaintiffs*

**OF COUNSEL:**
**BURKE HARVEY & FRANKOWSKI, LLC**
One Highland Place
2151 Highland Avenue
Suite 120
Birmingham, AL 35205
Tel:  205-930-9091
Fax: 205-930-9054
pburke@bhflegal.com
rfrankowski@bhflegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons via electronic filing using the Court's PACER system on this the 27th day of December, 2007, as follows:

A. Inge Seldon
John N. Bolus
Andrea Morgan Greene
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2602
*Attorneys for Defendants AIG Sun America Life Assurance Co., AXA Equitable Life Insurance Co., AXA Distributors, LLC, Kemper Investors Life Insurance Co., and Hartford Life Insurance Co.*

Thomas E. Baddley, Jr.
Baddley & Mauro, LLC
2545 Highland Avenue
Suite 201
Birmingham, AL 35205
*Attorney for Defendant Maxine Chappell*

                                          s/ Peter H. Burke
                                          OF COUNSEL

# Exhibit A

17 of 63 DOCUMENTS

SVEN-PETER MANNSFELD, Plaintiff, v. PHENOLCHEMIE, INC., et al., Defendants.

CIVIL ACTION NO. 06-0413-CG-C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

466 F. Supp. 2d 1266; 2006 U.S. Dist. LEXIS 92657

November 29, 2006, Decided

**COUNSEL:** [**1] For Sven-Peter Mannsfeld, Plaintiff: George W. Finkbohner, III, LEAD ATTORNEY, Cunningham, Bounds, Yance, Crowder & Brown, LLC, Mobile, AL; Victor T. Hudson, II, LEAD ATTORNEY, William W. Watts, III, Hudson and Watts, L.L.P., Mobile, AL; David G. Wirtes, Jr., Cunningham, Bounds, Yance, Crowder & Brown, Michael A. Worel, Cunningham, Bounds, Crowder, Brown & Breedlove, LLC, Mobile, AL.

For Phenolchemie, Inc., Ineos Phenol, Inc., Ineos Americas, LLC, Ineos US Intermediate Holding Co., LLC, Defendants: James C. Johnston, Joseph Michael Druhan, Jr., LEAD ATTORNEY, Johnston Druhan, LLP, Mobile, AL; Frank G. Smith, III, Alston & Bird, LLP, Atlanta, GA; Jennifer Brown Moore, Atlanta, GA; Robert Luckett Lee, Alston & Bird, LLP, Atlanta, GA.

**JUDGES:** Callie V. S. Granade, CHIEF UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Callie V. S. Granade

**OPINION**

[*1268] *ORDER*

This matter is before the court on plaintiff's motion to remand (Doc. 12), defendants' opposition thereto (Doc. 22), plaintiff's reply (Doc. 29), and defendants' request for oral argument (Doc. 25). The court finds that a hearing is not necessary for resolution of these issues and, therefore, defendants' motion for oral argument is denied. The [**2] court also finds that defendants have not met their burden of demonstrating federal jurisdiction and that, therefore, the motion to remand is due to be granted.

*BACKGROUND*

This action was originally filed in the Circuit Court of Mobile County, Alabama. Defendants removed the case to this court alleging federal question jurisdiction exists because the case involves claims that necessitate the resolution of a substantial question of federal patent law. (Doc. 1). The complaint alleges that in 1996 plaintiff developed a business relationship with defendants' representatives, during which plaintiff, in confidence, communicated to defendants the nature of plaintiff's novel idea, trade secret and/or other confidential information. (Complaint PP 9, 13). Degussa AG undertook lab tests and pilot runs which allegedly verified plaintiff's novel idea and plaintiff asserts that he is assignee of any and all rights of Degussa AG in and to the novel idea. (Complaint PP 15, 16). Defendants allegedly applied for and were issued a patent on plaintiff's novel idea without informing plaintiff of their actions or identifying plaintiff as an inventor. (Complaint PP 17, 18, 19). The complaint [**3] asserts eight causes of action: (1) conversion, (2) fraudulent concealment, (3) unjust enrichment, (4) misappropriation of trade secrets, (5) breach of fiduciary duty, (6) tortious interference with contractual or business relations, (7) breach of implied contract, and (8) injunctive relief.

*DISCUSSION*

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction. *Pacheco De Perez v. AT &T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party's burden is heavy. *Burns, supra.*

Case 1:07-cv-00923-MEF-SRW    Document 28    Filed 12/27/2007    Page 6 of 7

Page 2

466 F. Supp. 2d 1266, *; 2006 U.S. Dist. LEXIS 92657, **

Defendants contend that federal question jurisdiction exists in this case. According to defendants, although plaintiff frames his claims under state law, the central theme of each of the claims is that plaintiff was harmed when defendants obtained a patent on plaintiff's "novel idea." Defendants argue that plaintiff's claims clearly depend on both a determination of the [**4] scope of the patent and a determination of inventorship for the patent.

It is a well-settled rule that the plaintiff is the master of his or her complaint. *See, e.g., Franklin v. QHG of* [*1269] *Gadsden, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997); U.S. v. Jones, 125 F.3d 1418, 1428 (11th Cir. 1997);* and *Ariail Drug Co., Inc. v. Recomm Int. Display Inc., 122 F.3d 930, 934 (11th Cir. 1997).* Notwithstanding the plaintiff's right to choose his forum, some actions filed in state court may be removed to federal court on the basis of federal question jurisdiction. As the Supreme Court has noted:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule", which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First Nat'l Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936).* [**5] The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).*

The mere fact that a federal statute or regulation may be implicated and even require some interpretation is not sufficient to create federal jurisdiction. For federal question jurisdiction under § 1338(a), the well-pleaded complaint must establish either that "federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law...." *Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).* As the Second Circuit recently explained:

> A case "arises under" federal patent law if "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." [*Christianson, 486 U.S. at 809.]* [**6] This is determined "from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Id.* (internal quotation marks and citation omitted). "[A] case raising a federal patent-law defense does not, for that reason alone, arise under patent law, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Id. (internal quotation marks and citation omitted).
>
> Moreover, even if one theory supporting a claim essentially turns on an issue arising under patent law, as long as there is at least one alternative theory supporting the claim that does not rely on patent law, there is no "arising under" jurisdiction under *28 U.S.C. § 1338.* In that case, as the Supreme Court concluded in *Christianson:* "Since there are reasons completely unrelated to the provisions and purposes of federal patent law why petitioners may or may not be entitled to the relief they seek under their monopolization claim, the claim does [**7] not arise under federal patent law." *Id.* at 812 (internal quotation marks, citation, and alterations omitted); *see also id.* at 810 ("[A] claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction [*1270] unless patent law is essential to each of those theories.").

*In re Tamoxifen Citrate Antitrust Litigation, 466 F.3d 187, 199 -200 (2nd Cir. 2006)* (footnote omitted).

Upon review of the claims asserted in this case, the court finds that federal patent law did not create the causes of action and that plaintiff's right to relief does not necessarily depend on resolution of a substantial question

Case 1:07-cv-00923-MEF-SRW   Document 28   Filed 12/27/2007   Page 7 of 7

Page 3
466 F. Supp. 2d 1266, *; 2006 U.S. Dist. LEXIS 92657, **

of federal patent law. Plaintiff does not allege patent infringement or challenge the patent's validity or enforceability. Plaintiff also does not seek to have the patent voided or corrected in anyway. Plaintiff cites numerous cases which have concluded that federal question jurisdiction does not exist for claims brought by a putative inventor against one who, in breach of an agreement or other confidential relationship, wrongfully disclosed and misappropriated the plaintiff's invention by obtaining [**8] a patent on it. (Doc. 29, pp. 5-6 citing *Becher v. Contoure Laboratories, Inc., 279 U.S. 388, 49 S.Ct. 356, 73 L. Ed. 752, 1929 Dec. Comm'r Pat. 288 (1929); Uroplasty, Inc. v. Advanced Uroscience, Inc., 239 F.3d 1277 (Fed. Cir.2001); AT&T v. Integrated Network Corp., 972 F.2d 1321 (Fed. Cir. 1992); Montecatini Edison S.P.A. v. Ziegler, 486 F.2d 1279 (D.C. Cir. 1973); Eckert v. Braun, 155 F.2d 517 (7th Cir. 1946); Kleinerman v. Snitzer, 754 F.Supp. 1 (D. Mass. 1990); Miller v. Rudolph Wurlitzer Co., 48 F.Supp. 772 (D. N.Y. 1942); Plastic & Metal Fabricators, Inc. v. Roy, 163 Conn. 257, 303 A.2d 725 (Conn. 1972); Edwards v. Gramling Engineering Corporation, 322 Md. 535, 588 A.2d 793 (Md. 1991); Stark v. Advanced Magnetics, Inc., 50 Mass. App. Ct. 226, 736 N.E. 2d 434 (Mass. App. Ct. 2000); Ogontz Controls Co. v. Pirkle, 346 Pa. Super. 253, 499 A.2d 593 (Pa. Super. 1985)).* Although obtaining a patent which allegedly includes plaintiff's trade secret or idea is the method by which defendants allegedly violated plaintiff's rights, plaintiff asserts no rights pursuant to the patent or under patent law. Plaintiff only asserts rights [**9] with regard to the trade secret or idea itself. The patent may be evidence in support of plaintiff's allegations, "but the mere presence of the patent does not create a substantial issue of patent law." *Uroplasty, 239 F.3d at 1280* (citation omitted).

Defendants take issue with the merits of plaintiff's claims. For instance defendants contend that the alleged "novel idea" was not novel or confidential. It is unclear how such a contention could support a finding of federal jurisdiction in this case. The court, in evaluating a motion to remand, generally does not consider the merits of plaintiff's claim. *See Pacheco de Perez, 139 F.3d at 1380-81* (Even "[i]n a fraudulent joinder inquiry, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." citation and internal quotations omitted). Consideration of whether the idea at issue was novel or confidential does not require the resolution of a substantial issue of patent law. Plaintiff's claims require that he show that defendants disclosed or used trade secrets or confidential information or ideas, a burden that can be met without [**10] requiring the resolution of a substantial issue of patent law. *See Uroplasty, 239 F.3d at 1280.*

## CONCLUSION

For the reasons stated above, defendants' request for oral argument (Doc. 25) is **DENIED**. Plaintiff's motion to remand (Doc. 12) is **GRANTED** and this case is hereby **REMANDED** to the **Circuit Court of Mobile County, Alabama.**

**DONE and ORDERED** this 29th day of November, 2006.

/s/ Callie V. S. Granade

CHIEF UNITED STATES DISTRICT JUDGE