IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS CHERRY, *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 1:07-cv-923-MEF |
| ) | |
| AIG SUN AMERICA LIFE ASSURANCE ) | (WO-Not Recommended for Publication) |
| COMPANY, *et al.*, ) | |
| ) | |
| DEFENDANTS. ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Remand (Doc. # 18) filed by Plaintiff on November 8, 2007. This lawsuit was originally filed in the Circuit Court of Houston County, Alabama. Defendants removed the case to this Court, arguing that Plaintiff had fraudulently joined Defendant Maxine Chappell, ("Chappell") in order to defeat diversity jurisdiction. Plaintiff seeks remand of this action contending that Chappell was not fraudulently joined. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Motion to Remand is due to be GRANTED because the common defense rule prevents this Court from finding fraudulent joinder.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*,

511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a).  The removing defendant has the burden of establishing that this a court has subject matter jurisdiction over an action.  *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendants argue that the Court has jurisdiction over this case due to diversity of citizenship.  The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met.  *See* 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction is defeated if *any* plaintiff shares the same state citizenship with *any* defendant.  *See, e.g.*, *Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 292 F.3d 1334, 1337 (11th Cir. 2002).  This rule is known as "complete diversity."  *Id.* at 1338.

From the face of the Complaint it appears that there is not complete diversity of citizenship in this case because Plaintiffs are citizens of Alabama and Defendant Chappell is a citizen of Alabama.  Defendants argue that, due to the fraudulent joinder of Chappell, the Court should disregard the citizenship of Chappell for purposes of diversity jurisdiction and therefore conclude that complete diversity between the parties exists.  *See, e.g.*, *Owens v. Life*

*Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the Court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[1] . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs*, 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent

---

[1] "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). This burden on the defendant is a heavy one. It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id*. If there is a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[2] In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).

The Court has carefully reviewed the Complaint and the submissions of the parties, and it must conclude that Chappell has not been fraudulently joined. The common defense rule provides that when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder cannot be found. *See Poole v. American Int'l Group, Inc.*, 414 F. Supp. 2d 1111, 1117 (M.D. Ala. 2006) (Thompson, J.) (citing *Boyer v. Snap-On Tools*

---

[2] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'. . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

*Corp.*, 913 F.2d 108 (3rd Cir. 1990) and *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)). Courts applying the common defense rule reason that these attacks on the joinder of the non-diverse defendant are in reality attacks on the merits of the entire case because they undermine the claims against both the diverse and non-diverse defendants.

This Court finds that the Defendants' arguments for fraudulent joinder apply as equally to the diverse defendants as they do to Chappell. The Defendants are arguing that Chappell has been fraudulently joined because the Plaintiffs' claims against her are barred due to the fact that Plaintiffs have already recovered damages for their claims from Raymond James & Associates, Inc. through arbitration. All of the arguments Defendants have put forward for why Plaintiffs' recovery from Raymond James bars this action against Chappell applies equally to all of the other Defendants in this case.[3] Indeed, each Defendants' Answer to the Complaint raise these arguments as affirmative defenses.

Accordingly, were this Court to rule in Defendants' favor on the issue of fraudulent

---

[3] The sole argument raised by Defendants that could theoretically distinguish Chappell from the rest of the Defendants is the argument that the arbitration precludes this action against Chappell because she is an employee of Raymond James, and therefore is in privity with Raymond James as an agent. However, courts have generally held that employees are not in privity with their employers for purposes of res judicata. *See Quinn v. Monroe County*, 330 F.3d 1320, 1328-33 (11th Cir. 2003) (applying Florida law to hold that county administrator was not in privity with the county and issue preclusion could not be invoked based upon earlier administrative findings); *United States v. Gurley*, 43 F.3d 1188, 1198 (8th Cir. 1994) ("As a general rule, litigation by an employer is not binding on employees.") (internal quotation marks omitted); *Hayles v. Randall Motor Co.*, 455 F.2d 169, 174 (10th Cir. 1971) ("The relation of employer and employee does not confer on the employer any power to represent the employee in litigation.").

joinder, this Court would in effect be ruling on the merits of the entire case. A motion for remand is not the appropriate time for a court to reach the merits of the case. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

For the foregoing reasons, it is hereby ORDERED as follows:

(1)   Plaintiffs' Motion to Remand (Doc. # 18) is GRANTED.

(2)   Defendants' Motion for Hearing (Doc. # 27) is DENIED.

(3)   Plaintiffs' Motion to Stay Ruling on Defendants' Motion for Summary Judgment Pending Resolution of Plaintiffs' Motion to Remand (Doc. # 16) is DENIED AS MOOT.

(4)   This case is REMANDED to the Circuit Court of Houston County, Alabama.

(5)   The Clerk is DIRECTED to take appropriate steps to effect the remand.

(6)   Any pending motions not resolved by this Order are left for resolution by the Circuit Court of Houston County, Alabama.

DONE this the 21st day of February, 2008.

                     /s/ Mark E. Fuller
                CHIEF UNITED STATES DISTRICT JUDGE